UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMTIH DIVISION


KHAMBAY KHOUNVISAY                                                                    PLAINTIFF


        VS.                      Civil No. 2:14-cv-2125-MEF


CAROLYN W. COLVIN,                                                                    DEFENDANT
Commissioner of Social Security Administration


## MEMORANDUM OPINION

Plaintiff, Khambay Khounvisay, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §423(d)(1)(A), 1382c(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. §405(g).

### I.      Procedural Background:

Plaintiff filed his application for DIB and SSI on February 17, 2012, alleging an onset date of January 1, 1999, due to complications from surgery, a stab wound to the kidney, and hand problems (T. 173). Plaintiff's application was denied initially and on reconsideration. (T. 64-66, 67-69, 70-71, 73-74). Plaintiff then requested an administration hearing, which was held in front of

Administrative Law Judge ("ALJ"), Hon. Bill Jones, on November 5, 2012. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 49 years of age and had a fourth grade education. (T. 175) His past relevant work experience included working at a chicken house, a meat cutter, and a machine operator in a plastics factory. (T. 33, 53, 155) At the hearing, Plaintiff's counsel requested and the ALJ approved to amend the date of onset to December 1, 2011. (T. 29)

On February 28, 2013, the ALJ found Plaintiff's remote stab wound to the right abdomen status post-surgical repair, right carpal tunnel syndrome with mild right wrist neuropathy, and right thumb pain status post very remote laceration and repair not severe. (T. 17-21) The ALJ concluded Plaintiff was not disabled from December 1, 2011, through the date of his decision, February 28, 2013. (T. 21)

Plaintiff appealed this decision to the Appeals Council, and said request for review was granted on March 20, 2014, as the Appeals Council determined the ALJ's decision was not supported by substantial evidence.  The Appeals Council adopted the ALJ's statements as to the relevant law, the evidentiary facts, and the conclusions regarding whether the claimant was disabled. (T. 4) The Appeals Council agreed with the ALJ's findings under step one, that Plaintiff had not been engaged in substantial gainful activity since December 1, 2011. (T. 4) However, at step two of the ALJ's analysis the Appeals Council disagreed with the ALJ's findings that the Plaintiff did not have severe impairments. (T. 4)

In a Decision, dated May 15, 2014, the Appeals Council found Plaintiff's carpal tunnel syndrome with mild neuropathy and right thumb pain status-post remote laceration repair severe, as both impairments would have more than a minimal effect on the claimant's ability to perform basic work activities. (T. 5) The Appeals Council agreed with the ALJ's finding of Plaintiff's

2

remote stab wound to the right abdomen status post-surgical repair non-severe. (T. 5) Considering Plaintiff's age, education, work experience, and the residual functional capacity ("RFC") based upon all of his impairments, the Appeals Council concluded Plaintiff was not disabled from December 1, 2011, through the date of their decision, May 15, 2014. The Appeals Council determined Plaintiff had the RFC to perform medium work, except he could perform only occasional fingering, handling, and grasping with the right hand. (T. 5)

Plaintiff filed this action on May 28, 2014. (Doc. 1) This case is before the undersigned pursuant to the consent of the parties. (Doc. 8) Both parties have filed briefs, and the case is ready for decision. (Doc. 10 and 13)

## II. Applicable Law:

The Appeals Council will review a case if:

(1) There appears to be an abuse of discretion by the administrative judge;
(2) There is an error of law;
(3) The action, findings, or conclusions of the administrative law judge are not supported by substantial evidence; or,
(4) There is a broad policy or procedural issue that may affect the general public interest.

20 C.F.R. §404.970. The statue "authorizes the Secretary, not the ALJ, to make reviewable final decisions in disability cases. The Secretary has chosen to act through the Appeals Council, and therefore it is the Council's decision that must be deferred to by the courts if substantial evidence exists to support it, whatever the result might have been if the courts were reviewing the ALJ's decision directly." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); 20 C.F.R. §404.970. The Appeals Council found the ALJ's decision was not supported by substantial evidence, thus review was necessary.

"Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's decision." *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). "Our

3

review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Asture,* 495 F.3d 617, 617 (8th Cir. 2007). The Court considers the evidence that "supports as well as detracts from the Commissioner's decision, and we will not reverse simply because some evidence may support the opposite conclusion." *Hamilton v. Astrue,* 518 F.3d 607, 610 (8th Cir. 2008). If after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel,* 221 F.3d at 1068.

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3), 1382(3)(c). Plaintiff must show that his disability, not simply his impairments, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

If such an impairment exists, the ALJ must determine whether the plaintiff has demonstrated he is unable to perform either his past relevant work, or any other work that exists in significant numbers in the national economy. (20 C.F.R. §416.945). The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the plaintiff has engaged in substantial gainful activity since filing his or her claim; (2) whether the plaintiff has a severe physical and/or mental impairment of combination of

impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the plaintiff is able to perform other work in the national economy given his or her age, education and experience. 20 C.F.R. §404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker,* 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.150, 416.920 (2003).

### III.   Discussion:

The Court must determine whether substantial evidence, taking the record as a whole, supports the Commissioner's decision that Plaintiff had not been disabled from the alleged date of onset December 1, 2011, through the date of the Appeals Council's decision, May 15, 2014. Plaintiff raises four issues on appeal, which can be summarized as: (A) the ALJ failed to fully and fairly develop the record; (B) the ALJ erred in his *Polaski* analysis; (C) the ALJ erred in step two of his findings; and, (D) the ALJ's RFC is not supported by substantial evidence. (Doc. 10 pp. 10-18)

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

### A.   Fully and fairly develop the record:

Plaintiff asserts the ALJ failed to fully and fairly develop the record when the ALJ failed to contact Dr. James Kelly to seek additional information regarding Plaintiff's limitations. (Doc. 10 pp. 11) The ALJ owes a duty to a Plaintiff to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the

proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994). The undersigned finds the record contained sufficient evidence for the Appeals Council to make an informed decision, thus remand is not necessary.

"A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (internal quotations and citation omitted). Where "the ALJ's determination is based on all the evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," the claimant has received a "full and fair hearing." *Id*. (internal quotations and citation omitted). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Id*. (internal quotations and citation omitted).

> While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo* [*v. Barnhart*], 377 F.3d [801,] 806 [(8th Cir. 2004)]. The Commissioner's regulations explain that contacting a treating physician is necessary only if the doctor's records are "inadequate for us to determine whether [the claimant is] disabled" such as "when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§404.1512(e), 416.912(e).

*Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

The Appeals Council sought further records regarding Plaintiff's treatment by Dr. James Kelly, a plastic and hand surgeon. The additional medical records from Dr. Kelly showed Plaintiff was diagnosed with carpal tunnel syndrome; and, Dr. Kelly recommended carpal tunnel release, right D1 A1 pulley release, and synovectomy. (T. 336) Plaintiff was informed

6

he would be restricted to one hand for four weeks postoperatively and to continue to move his thumb after surgery. (T. 336) On January 3, 2014, Dr. Kelly performed a right D1 A1 pulley release, synovectomy, and right carpal tunnel release. (T. 346-347) At Plaintiff's follow-up appointment with Dr. Kelly on January 10, 2014, Dr. Kelly redressed Plaintiff's hand and informed Plaintiff to return in a week for suture removal. (T. 349)

The record was further developed by the treatment records dating back to 1999 regarding Plaintiff's stab wound to the right flank, Plaintiff's thumb surgery, and his complaints of stomach and thumb pain. In addition to the treatment records, the agency ordered a consultative physical examination by Dr. Chester Carlson in March 2012.  The agency also ordered two non-examining state agency medical consultative examinations regarding Plaintiff's physical impairments. The record further included Plaintiff's testimony, pain questionnaires, and function reports detailing Plaintiff's pain and limitations.

In reviewing the entire record, the undersigned finds the record contained sufficient evidence for the Appeals Council to make an informed decision.  Furthermore, the Plaintiff has not demonstrated unfairness or prejudice resulting from the Appeals Council's failure to seek additional clarification regarding the severity of Plaintiff's impairment to further develop the record.  Such a showing is required in order for a case to be reversed and remanded. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993) (absent unfairness or prejudice, we will not reverse or remand). Accordingly, the ALJ did not err in failing to develop the record and his decision is affirmed.

    B.  *Polaski* **analysis:**

Plaintiff next argues the ALJ failed to properly evaluate the Plaintiff's subjective complaints of pain and erred in his *Polaski* analysis. (Doc. 11 pp. 9) The Appeals Council adopted the ALJ's

assessment of Plaintiff's credibility. (T. 6) Among the ALJ's findings in his Decision, was a finding that after considering the evidence of record, Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (T. 15) While the ALJ employed a bit of Social Security boilerplate, the ALJ did appropriately address Plaintiff's credibility by examining and addressing the relevant medical evidence, application documents, and testimony at the hearing in accordance with applicable regulations, rulings and Eighth Circuit case law. (T. 15)

It is the ALJ's duty to determine the Plaintiff's RFC. Before doing so, the ALJ must determine the applicant's credibility, and how the Plaintiff's subjective complaints play a role in assessing his RFC. *Pearsall v. Massanari,* 274 F.3d at 1217-18. The ALJ must give full "consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and, (5) functional restrictions. The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *Polaski v. Heckler*, 739 F.2d 1230, 1322 (8th Cir. 1984).

To conduct the proper *Polaski* analysis, "[m]erely quoting *Polaski* is not good enough, especially when an ALJ rejects a claimant's subjective complaints of pain." *Hall v. Chater*, 62 F.3d 220, 223 (8th Cir. 1995). Instead, "*Polaski* requires that an ALJ give full consideration to all

of the evidence presented relating to subjective complaints." *Ramey v. Shalala*, 26 F.3d 58, 59 (8th Cir. 1994). To that end, "[w]hen making a determination based on these factors to reject an individual's complaints, the ALJ must make an express credibility finding and give his reasons for discrediting the testimony." *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996) (citing *Hall v. Chater*, 62 F.3d at 223). Such a finding is required to demonstrate the ALJ considered and evaluated all of the relevant evidence. *See Marciniak v. Shalala*, 49 F.3d 1350, 1354 (8th Cir. 1995) (citing *Ricketts v. Secretary of Health and Human Servs.*, 902 F.2d 661, 664 (8th Cir. 1990)). However, if "the ALJ did not explicitly discuss each *Polaski* factor in a methodical fashion," but "acknowledged and considered those factors before discounting [the claimant's] subjective complaints of pain .... [a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where ... the deficiency probably had no practical effect on the outcome of the case." *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996) (citing *Benskin v. Bowen*, 830 F.2d 878, 883(8th Cir. 1987). When a Plaintiff claims the ALJ failed "to properly consider subjective complaints of pain, the duty of the court is to ascertain whether the ALJ considered all of the evidence relevant to the plaintiff's complaints of pain under the *Polaski* standards and whether the evidence so contradicts the plaintiff's subjective complaints that the ALJ could discount his or her testimony as not credible." *See Masterson v.* Barnhart, 363 F.3d 731, 738-739 (8th Cir. 2004)(quoting *Benskin v. Bowen*, 830 F.2d at 882).

Both the Appeals Council and the ALJ noted they considered all of the evidence of record, all of Plaintiff's symptoms and the "extent to which these symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence" and opinion evidence, in accordance with the regulations and social security rulings. (T. 5, 18)

In applying the factors discussed in *Polaski*, the ALJ properly discounted Plaintiff's alleged activities, because Plaintiff was able to drive a car, shop for groceries, handle finances, and take care of his one year old child, since the mother had left. (T. 40-41, 168) *See Pena v. Chater*, 76 F. 3d 906, 908 (8th Cir. 1996) (substantial evidence supported the ALJ's decision to discount plaintiff's testimony, where plaintiff was able to care for at least one of his six children on a daily basis, drive a car when unable to find a ride, and sometimes go to the grocery store); (*Haley v. Massanari*, 258 F.3d at 748 (holding that inconsistencies between subjective complaints of pain and daily living patterns diminish credibility).

The ALJ discredited Plaintiff's allegations of his subjective complaints of pain for the following reasons. Dr. Kelly informed Plaintiff he would be limited to use of one hand for four weeks and he wanted Plaintiff to move his thumb following the surgery. The ALJ determined Dr. Kelly's restrictions indicated Plaintiff's condition would improve with treatment and would not cause more than a minimal limitation in his ability to do basic work activities following surgery. *See Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir. 2004) (If an impairment can be controlled by treatment or medication, it cannot be considered disabling) (quoting *Roth v. Shalala,* 45 F. 3d 279, 282 (8th Cir. 1995). Dr. Carlson's examination showed a normal grip strength, full range of movement of all joints, and he imposed no significant limitations; and, Dr. Von Phomakay did not recommend any restrictions or limitations on Plaintiff's activities. (T. 19-20) *See Tennant v. Apfel*, 224 F.3d 869, 870 (8th Cir. 2000) (claimant was properly discredited in part based on lack of physician-ordered limitations). Furthermore, the opinions of two state agency medical consultants found Plaintiff did not have a severe impairment. Plaintiff claimed he had vision problems, however the examination revealed 20/40 vision in both eyes. Plaintiff's abdominal pain was exacerbated by spicy food, not his prior stab wound, and he was still able to shop, do laundry and

put dishes in the dishwasher. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (absence of objective medical evidence is a relevant factor for the ALJ to consider in evaluating Plaintiff's subjective complaints of pain). Moreover, Plaintiff testified his hand was not always in pain.

Plaintiff also argues the ALJ failed to mention side effects of medication and whether the medications were effective in treating his symptoms. After reviewing the entire record, the only mention of side effects the Plaintiff had regarding his medications were found in the pain questionnaire and disability report. Plaintiff indicated the Hydrocodone-Acetaminophen made him tired and dizzy and Omeprazole made him dizzy. (T. 189, 204) If Plaintiff had side effects to any medications, he did not report it to any of his treating physicians. *See Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) (alleged side effects were properly discounted when plaintiff did not complain to doctors that her medication made concentration difficult).

Because the ALJ gave multiple valid reasons for discounting the Plaintiff's subjective complaints, we defer to the ALJ's credibility determination. *See Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007) (this court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006); *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001) (holding that ALJ's decision to discredit plaintiff's testimony will be upheld if he gives a good reason for doing so, even if every factor is not discussed in depth).

### C. <u>Severity of Impairments:</u>

Plaintiff argues the ALJ erred when he did not correctly consider Plaintiff's allegations of mental impairments. (Doc. 10 pp. 15) The undersigned has reviewed the record and no allegation of mental impairment was ever made. The Plaintiff next argues the ALJ erred when he found Plaintiff's right carpal tunnel impairment and wrist neuropathy not severe. The Commissioner

11

uses a five-step evaluation to determine if a claimant is disabled. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); See 20 C.F.R. § 416.920(a)(4). Step two of the evaluation states that a claimant is not disabled if his impairments are not "severe." *Simmons v. Massanari,* 264 F.3d at 754; 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007). It is the claimant's burden to establish that her impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000). Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing. See, e.g., *Page v. Astrue*, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir. 2003); *Simmons v. Massanari,* 264 F.3d at 755; *Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir. 1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir.1996).

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms (see [20 C.F.R.] § 404.1527). 20 C.F.R. § 404.1508.

The Appeals Council issued the final decision in this case and determined Plaintiff's carpal tunnel syndrome with mild neuropathy and right thumb pain status-post remote laceration repair severe, as they would have more than a minimal effect on the Plaintiff's ability to perform basic work activities. (T. 5) However, the Appeals Council agreed with the ALJ and determined Plaintiff's right abdomen status post-surgical repair non-severe. (T. 5) In light of the Appeals Council's decision regarding the severity of Plaintiff's impairments, the Plaintiff's argument is moot.

**D. RFC determination:**

Plaintiff argues the ALJ's RFC was not supported by substantial evidence. (Doc. 10 pp. 17) RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d at 737. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace." "An administrative law judge may not draw upon his own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should

seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

Plaintiff's alleged date of disability was December 1, 2011.  In 2012, Plaintiff went to the chiropractor twice and complained of right flank and hand pain. He was seen by Dr. Phomakay in April 2012 for a referral to a hand specialist for his hand locking up and abdominal pain. Dr. Phomakay prescribed medication and referred Plaintiff to a specialist. (T. 298, 300)

In May 2012, Plaintiff was seen by Dr. Steven Smith at Mercy Clinic Orthopedic for an evaluation of thumb stiffness and weakness. (T. 311) Dr. Smith noted Plaintiff had a well-healed laceration on the dorsal radial aspect of his thumb and he was able to flex the thumb at the MP joint. (T. 311) Dr. Smith noted there did not appear to be "any significant demonstrable instability," however he did have a little weakness with FPL flection and extension and active motion. (T. 311) Upon reviewing the x-rays, which showed a minimal degenerative change, Dr. Smith's impression of Plaintiff's hand was right thumb MP weakness and stiffness post laceration in the remote past. (T. 312) Dr. Smith informed Plaintiff he was "not really sure anything need[ed] to be done," and he may consider MPF fusion, but he did not think his symptoms warranted the fusion.  Dr. Smith recommended Plaintiff obtain a second opinion from Dr. Kelly and Dr. Smith would see him back as needed. (T. 312)

On June 4, 2012, Plaintiff saw Dr. Kelly for further examination of his right thumb. (T. 315-325) Upon physical examination, Dr. Kelly reported Plaintiff had a positive Tinel's at the wrist. Plaintiff also had tenderness over the A1 pulley area of the thumb and some hesitance and minor triggering of the thumb. (T. 318) Dr. Kelly recommended Plaintiff undergo EMG/NVC studies on his right hand and believed he would need to perform a trigger release with or without nerve

14

decompression. (T. 318) The EMG/NVC studies were abnormal and showed evidence of mild median neuropathy at the right wrist, but there was no evidence of radiculopathy. (T. 330) Plaintiff had a follow-up examination with Dr. Kelly to discuss the results of the studies on August 29, 2012. Dr. Kelly diagnosed Plaintiff with carpal tunnel syndrome and recommended carpal tunnel release, right D1 A1 pulley release, and synovectomy. (T. 336) Plaintiff was informed he would be restricted to one hand for four weeks postoperatively and he wanted him to continue to move his thumb after surgery. (T. 336) On January 3, 2014, Dr. Kelly performed a right D1 A1 pulley release, synovectomy, and right carpal tunnel release. (T. 346-347) At Plaintiff's follow-up appointment with Dr. Kelly on January 10, 2014, Dr. Kelly redressed Plaintiff's hand and informed Plaintiff to return in a week for suture removal. (T. 349) The Appeals Council gave Dr. Kelly's opinion significant weight, as his opinion was consistent with the medical evidence of record and the new evidence indicating Plaintiff underwent right D1 A1 pulley release, synovectomy, and right carpal tunnel release without any complications. (T. 6)

  The Appeals Council also considered the opinion evidence of Dr. Carlson, who noted Plaintiff exhibited normal range of motion to the spine, shoulders, elbows, wrists, hips, knees, ankles and hands. There was no evidence of muscle spasm, weakness, or atrophy. Plaintiff's vision, uncorrected was 20/40 oculus dexter and 20/30 oculus sinister. (T. 290) Regarding Plaintiff's limb function, Plaintiff was able to hold a pen and write, touch fingers to palm, oppose thumb to fingers, pick up a coin, and his grip strength in both hands was normal. Plaintiff was able stand and walk without assistive devices, walk on heels and toes, and squat and arise from a squatting position. (T. 292) After the physical examination, Dr. Carlson opined Plaintiff had no significant limitations regarding walking, standing, sitting, lifting, carrying, handling, and fingering. (T. 293)

The Appeals Council considered the opinion evidence of Dr. Billy Payne and Dr. Sharon Keith, state agency medical consultants, who opined Plaintiff did not have any severe impairments. The Appeals Council gave some weight to Doctors Carlson, Payne and Keith, and agreed the Plaintiff's impairments were not disabling. However, the Appeals Council determined the medical evidence of record supported a greater limitation than those suggested by the consulting physicians. (T. 6) The Appeals Council determined, due to Plaintiff's non-exertional limitations, he was unable to perform a full range of medium work.

Based upon the vocational expert's testimony, the Appeals Council determined Plaintiff was unable to perform past relevant work as a poultry farm laborer, butcher, or plastic machine operator due to his manipulative limitations. (T. 6) Plaintiff was 49 years of age as of December 1, 2011, however on January 5, 2012, he turned 50 and was classified as closely approaching advanced age. (T. 6) Based upon the Plaintiff's vocational profile and his RFC, the vocational expert determined other jobs existed in significant numbers in the national economy Plaintiff could have performed. The Appeals Council found the vocational expert's testimony consistent with the Dictionary of Occupational Titles. Accordingly, the Appeals Council determined Plaintiff was not under a disability from the date of onset, December 1, 2011, through the date of the decision, May 15, 2014. (T. 6)

While it is the ALJ's duty to develop the record, the burden of persuasion to prove disability and demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five. *Harris v. Barnhart,* 356 F.3d 926, 931 n. 2 (8th Cir. 2004). Based on the objective medical evidence, medical evidence, the state-agency evidence, and the testimony of the Plaintiff, the undersigned finds substantial evidence supported the Appeals Council's RFC determination.

## IV. Conclusion:

Having carefully reviewed the record as a whole, the undersigned finds that substantial evidence supports the Commissioner's decision denying Plaintiff benefits, and the Commissioner's decision should be affirmed. Plaintiff's Complaint should be dismissed with prejudice.

Dated this 15th day of June, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE